# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KINGSLEY LAJOHN WRIGHT,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>DIRECTOR OF CORRECTIONS,<br><br>　　　　　　Defendant. | Case No. EDCV 15-1512-DDP (JEM)<br><br>MEMORANDUM AND ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

　　　　Kingsley LaJohn Wright ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 ("Complaint").

　　　　In accordance with the provisions of the Prison Litigation Reform Act of 1995, the Court must screen the Complaint before ordering service to determine whether the action: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e(c)(1).  This screening is governed by the following standards:

　　　　A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) the plaintiff fails to state a cognizable legal theory; or (2) the plaintiff has alleged insufficient facts under a cognizable legal theory.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  In determining whether a complaint states a claim on

which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitzke v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Although a complaint "does not need detailed factual allegations" to survive dismissal, a plaintiff must provide "more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (rejecting the traditional "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). The complaint must contain factual allegations sufficient to rise above the "speculative level," Twombly, 550 U.S. at 555, or the merely possible or conceivable. Id. at 557, 570.

Simply put, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. A claim has facial plausibility when the complaint presents enough facts "to draw the reasonable inference that the defendant is liable." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). This standard is not a probability requirement, but "it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. A complaint that pleads facts that are merely consistent with liability stops short of the line between possibility and plausibility. Id.

In a pro se civil rights case, the complaint must be construed liberally to afford plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dept, 839 F.2d 621, 623 (9th Cir. 1988). Unless it is clear that the deficiencies in a complaint cannot be cured, pro se litigants are generally entitled to a notice of a complaint's deficiencies and an opportunity to amend prior to the dismissal of an action. Id. at 623. Only if it is absolutely clear that the deficiencies cannot be cured by amendment should the complaint be dismissed without leave to amend. Id.; Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007).

After careful review and consideration of the Complaint under the relevant standards and for the reasons discussed below, the Court finds that the Complaint must be **DISMISSED WITH LEAVE TO AMEND.**

## FACTUAL ALLEGATIONS

Plaintiff's claims arise out of his confinement at the California Institute for Men ("CIM") in Chino, California. He names the Director of Corrections as the sole defendant in the caption of the Complaint. (Complaint at 1.) In the body of the Complaint, Plaintiff identifies A. Allen, R. Stansbury, J. Kuhns, G. Gilman, and Director of California Department of Corrections as defendants. (Id. at 3-4.) All defendants are sued only in their official capacities. (Id. at 3-4.) Plaintiff seeks declaratory relief and damages. (Id. at 7.)[1]

Plaintiff alleges that defendants were deliberately indifferent to his safety and to his serious medical needs, in violation of his Eighth and Fourteenth Amendment rights. He also appears to allege that his right to procedural due process was violated when he was placed in administrative segregation without the proper notice and opportunity to be heard. (Complaint at 5-7.)

In Claim I, Plaintiff alleges that on June 9, 2015, he was removed from his housing unit by Lieutenant R. Stansbury and Sergeant J. Kuhns due to another inmate's allegations that Plaintiff had committed sexual assault. Plaintiff asserts that those allegations were later recanted, but in the meantime Plaintiff was forced to stand in a cage with no restroom or water for over eight hours. His requests for his medications were denied. Staff was instructed not to communicate with Plaintiff, only "SQUAD" could communicate with Plaintiff. When "SQUAD" personnel arrived, Sergeant A. Allen forced Plaintiff to strip naked in front of a civilian woman who collected Plaintiff's DNA. After DNA collection, Plaintiff was shaking and sweating. Despite his poor condition, he was sent back to the standup cage. Later, Plaintiff was transferred to administrative segregation, but he never was presented with the appropriate paperwork for such a placement. (Complaint at 5.)

---

[1] For ease of reference, the Court refers to the pages of the Complaint as if they were numbered sequentially.

1    In Claim II, Plaintiff alleges that he was placed in administrative segregation on June 10, 2015. However, the Correctional Captain did not see Plaintiff and he was not asked to sign the CDC 114-D within twenty-four hours of his placement in administrative segregation. (Complaint at 6-7.)

While housed in administrative segregation, Plaintiff saw a nurse and informed her that he had not been receiving his HIV medication. As a result, Plaintiff became very ill and suffered chest pains and shortness of breath. (Complaint at 6.)

On June 12, 2015, Plaintiff was released from administrative segregation. He immediately filed an administrative appeal. At that time, he received a copy of the CDC 114-D which contained numerous fabrications. The form falsely indicated that plaintiff had been served with and signed the form. However, Plaintiff never waived his 72-hour period to prepare to address the complaint, never had a chance to request witnesses, and never had the form signed by prison staff. Even though Plaintiff was released from administrative segregation after two days, he still suffered mentally from the experience. (Complaint at 7.)

Based on the failure to provide medical care, poor conditions, and lack of due process in connection with his placement in administrative segregation, Plaintiff seeks damages, the suspension without pay of all prison staff involved, and proper training of prison staff. (Complaint at 8.)

**DISCUSSION**

I.  **PLAINTIFF MUST NAME ALL DEFENDANTS IN THE CAPTION**.

Plaintiff's caption lists Director of Corrections as the sole defendant (Complaint at 1.) On page 3 of the Complaint, however, Plaintiff lists the defendants in this action as E. Allen, R. Stansbury, J. Kuhns, G. Gilman, as well as the Director of Corrections. (Id. at 3-4.)

The individuals named as "defendants" only in the body of the Complaint have not been presented properly as parties, and the Court does not recognize them as defendants in this action. If Plaintiff files an amended complaint, he **must include in the caption the names of each defendant against whom he is asserting a claim**. See Fed. R. Civ. P. 10(a); Local Rule 11-3.8(d); see also Ferdik v. Bonzelet, 963 F.2d 1258, 1262-63 (9th Cir.

4

1992) (dismissing action for refusal to comply with court orders to name defendants in the caption). The Court will not order the United States Marshal to serve the amended complaint on any named defendant not identified in the caption.

## II. PLAINTIFF FAILS TO STATE A CLAIM AGAINST THE DIRECTOR OF CORRECTIONS OR THE PRISON OFFICIALS IN THEIR OFFICIAL CAPACITIES.

Plaintiff states that he is suing each of the defendants in their official capacities only. (Complaint at 1, 3-4.)

The Supreme Court has held that an "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166 (1985); see also Brandon v. Holt, 469 U.S. 464, 471–72 (1985); Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." Graham, 473 U.S. at 159. Each individual defendant named in the body of the Complaint is an officer or agent of the California Department of Corrections and Rehabilitation ("CDCR"). Thus, Plaintiff's claims against those defendants in their official capacities are tantamount to claims against CDCR.

States, state agencies, and state officials sued in their official capacities are not persons subject to civil rights claims for damages under 42 U.S.C. § 1983. Will v. Michigan Department of State Police, 491 U.S. 58, 64–66 (1989); see also Hafer v. Melo, 502 U.S. 21, 30 (1991) (clarifying that Eleventh Amendment does not bar suits against state officials sued in their individual capacities, nor does it bar suits for prospective injunctive relief against state officials sued in their official capacities). CDCR is an agency of the State of California and, therefore, is entitled to Eleventh Amendment immunity. See Brown v. California Department of Corrections, 554 F.3d 747, 752 (9th Cir. 2009) (CDCR is a state agency entitled to Eleventh Amendment immunity).

To overcome the Eleventh Amendment bar on federal jurisdiction over suits by individuals against a State and its instrumentalities, either the State must have consented to waive its sovereign immunity or Congress must have abrogated it; moreover, the State's consent or Congress' intent must be "unequivocally expressed." See Pennhurst State

School & Hosp. v. Halderman, 465 U.S. 89, 99–100 (1984). Both the Ninth Circuit and the Supreme Court have recognized that the "State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court." Dittman v. California, 191 F.3d 1020, 1025–26 (9th Cir. 1999). In the context of prisoner lawsuits against CDCR, the Ninth Circuit has expressly and repeatedly held that CDCR is immune from suit under the Eleventh Amendment. See, e.g., Brown v. Cal. Dep't of Corrs., 554 F.3d 747, 752 (9th Cir. 2009) ("The district court correctly held that the California Department of Corrections and the California Board of Prison Terms were entitled to Eleventh Amendment immunity."); Fulcher v. Cal. Dep't of Corrs., 297 Fed. Appx. 645, 646 (9th Cir. 2008) ("[T]he California Department of Corrections . . . is a state agency that is immune from liability under the Eleventh Amendment.").

Accordingly, Plaintiff's claims for money damages against the defendants in their official capacities are barred by the Eleventh Amendment.

*************

For the reasons set forth herein, the Complaint is **DISMISSED WITH LEAVE TO AMEND**.

If Plaintiff desires to pursue this action, he is **ORDERED** to file a First Amended Complaint within **thirty (30) days** of the date of this Order, which remedies the deficiencies discussed above.

If Plaintiff chooses to file a First Amended Complaint, it should: (1) bear the docket number assigned in this case; (2) be labeled "First Amended Complaint"; (3) be filled out exactly in accordance with the directions on the form; and (4) be complete in and of itself without reference to the previous complaints or any other pleading, attachment or document. The Clerk is directed to provide Plaintiff with a blank Central District of California civil rights complaint form, which Plaintiff must fill out completely and resubmit.

**Plaintiff is admonished that, if he fails to file a First Amended Complaint by the deadline set herein, the Court may recommend that this action be dismissed for failure to prosecute and failure to comply with a Court order.**

DATED: September 16, 2015

/s/ John E. McDermott
JOHN E. MCDERMOTT
UNITED STATES MAGISTRATE JUDGE