UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

KINGSLEY LAJOHN WRIGHT,

          Plaintiff,

  v.

E. ALLEN, et al.,

          Defendants.

Case No. EDCV 15-1512-DDP (JEM)

MEMORANDUM AND ORDER
DISMISSING FIRST AMENDED
COMPLAINT WITH LEAVE TO AMEND

       On July 28, 2015, Kingsley LaJohn Wright ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed a Complaint pursuant to 42 U.S.C. § 1983. On September 16, 2015, the Court issued a Memorandum and Order Dismissing Complaint With Leave to Amend. On October 22, 2015, Plaintiff filed a First Amended Complaint ("FAC").

       In accordance with the provisions of the Prison Litigation Reform Act of 1995, the Court must screen the FAC before ordering service to determine whether the action: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e(c)(1). This screening is governed by the following standards:

       A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) the plaintiff fails to state a cognizable legal theory; or (2) the plaintiff has

alleged insufficient facts under a cognizable legal theory. <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990). In determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. <u>Love v. United States</u>, 915 F.2d 1242, 1245 (9th Cir. 1988). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." <u>Neitzke v. Williams</u>, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

Although a complaint "does not need detailed factual allegations" to survive dismissal, a plaintiff must provide "more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (rejecting the traditional "no set of facts" standard set forth in <u>Conley v. Gibson</u>, 355 U.S. 41 (1957)). The complaint must contain factual allegations sufficient to rise above the "speculative level," <u>Twombly</u>, 550 U.S. at 555, or the merely possible or conceivable. <u>Id.</u> at 557, 570.

Simply put, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." <u>Twombly</u>, 550 U.S. at 570. A claim has facial plausibility when the complaint presents enough facts "to draw the reasonable inference that the defendant is liable." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). This standard is not a probability requirement, but "it asks for more than a sheer possibility that a defendant has acted unlawfully." <u>Id.</u> A complaint that pleads facts that are merely consistent with liability stops short of the line between possibility and plausibility. <u>Id.</u>

In a <u>pro se</u> civil rights case, the complaint must be construed liberally to afford plaintiff the benefit of any doubt. <u>Karim-Panahi v. Los Angeles Police Dept</u>, 839 F.2d 621, 623 (9th Cir. 1988). Unless it is clear that the deficiencies in a complaint cannot be cured, <u>pro se</u> litigants are generally entitled to a notice of a complaint's deficiencies and an opportunity to amend prior to the dismissal of an action. <u>Id.</u> at 623. Only if it is absolutely clear that the deficiencies cannot be cured by amendment should the complaint be

dismissed without leave to amend. Id.; Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007).

After careful review and consideration of the FAC under the relevant standards and for the reasons discussed below, the Court finds that the FAC must be **DISMISSED WITH LEAVE TO AMEND.**

## FACTUAL ALLEGATIONS

Plaintiff's claims arise out of his confinement at the California Institute for Men ("CIM") in Chino, California. He names Sergeant E. Allen as the sole defendant in the caption of the Complaint. (FAC at 1.) In the body of the Complaint, Plaintiff also identifies Captain G. Gilman as a defendant. (Id. at 3.) Both defendants are sued only in their individual capacities. (Id.) Plaintiff seeks damages. (Id. at 6.)

Plaintiff alleges that Sergeant Allen was deliberately indifferent to his health and safety, in violation of the Eighth Amendment. He also appears to allege that Captain Gilman violated Plaintiff's right to procedural due process when he was placed in administrative segregation. (FAC at 5.)

Specifically, Plaintiff alleges that on June 9, 2015, he was removed from his housing unit based on another inmate's allegations that Plaintiff had committed sexual assault. Plaintiff asserts that those allegations were later recanted, but in the meantime Plaintiff was forced to stand in a cage for eight hours with no water, bathroom, or medication. Sergeant Allen forced Plaintiff to strip naked in front of a civilian woman. Captain Gilman was supposed to "sign a CDC-114D (lock up to ad-seg order)," but Plaintiff never saw a lockup order. On June 12, 2015, Plaintiff suffered chest pains while in administrative segregation due to the lack of medication.[1] (FAC at 5.)

---

[1] Plaintiff references exhibits, but none were attached to the FAC.

**DISCUSSION**

**I. PLAINTIFF MUST NAME ALL DEFENDANTS IN THE CAPTION**.

Plaintiff's caption lists E. Allen as the sole defendant (FAC at 1.) In the body of the FAC, however, Plaintiff also lists G. Gilman as a defendant. (Id. at 3-4.)

G. Gilman has not been presented properly as a party, and the Court does not recognize G. Gilman as a defendant in this action. If Plaintiff files a second amended complaint, he **must include both E. Allen and G. Gilman in the caption**. See Fed. R. Civ. P. 10(a); Local Rule 11-3.8(d); see also Ferdik v. Bonzelet, 963 F.2d 1258, 1262-63 (9th Cir. 1992) (dismissing action for refusal to comply with court orders to name defendants in the caption). The Court will not order the United States Marshal to serve the second amended complaint on any named defendant not identified in the caption.

**II. PLAINTIFF FAILS TO STATE A CONDITIONS OF CONFINEMENT CLAIM**

The Eighth Amendment's prohibition against cruel and unusual punishment imposes duties on prison officials to "provide humane conditions of confinement." Farmer v. Brennan, 511 U.S. 825, 832 (1994). "[P]rison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" Id. (citation omitted). To state a claim for unconstitutional conditions of confinement, a plaintiff must allege that a defendant's acts or omissions have deprived the inmate of "the minimal civilized measure of life's necessities" and that the defendant acted with deliberate indifference to an excessive risk to inmate health or safety. Allen v. Sakai, 48 F.3d 1082, 1087 (9th Cir. 1994) (quoting Farmer, 511 U.S. at 834); see also Estate of Ford v. Ramirez-Palmer, 301 F.3d 1043, 1049–50 (9th Cir. 2002).

Establishing an Eighth Amendment violation requires a two-part showing. First, an inmate must show objectively that he was deprived of something "sufficiently serious." Id. at 834. A deprivation is sufficiently serious when the prison official's act or omission results "in the denial of 'the minimal civilized measure of life's necessities.'" Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)); see Hudson v. McMillian, 503 U.S. 1, 9 (1992).

1  "[R]outine discomfort inherent in the prison setting" does not rise to the level of a
2  constitutional violation. Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2006); see also
3  Hudson, 503 U.S. at 9. Second, the inmate must make a subjective showing that the
4  deprivation occurred with deliberate indifference to the inmate's health or safety. Farmer,
5  511 U.S. at 834 (citing Wilson v. Seiter, 501 U.S. 294, 302-03 (1991)); see also Foster v.
6  Runnels, 554 F.3d 807, 812 (9th Cir. 2009). Deliberate indifference is a higher standard
7  than negligence or lack of ordinary due care for the prisoner's safety. Farmer, 511 U.S. at
8  835. Instead, in order to state a claim for violation of the Eighth Amendment, the plaintiff
9  must allege facts sufficient to support a claim that prison officials knew of and disregarded a
10 substantial risk of serious harm to the plaintiff. See, e.g., Farmer, 511 U.S. at 847.

11       Courts have found that substantial deprivations of adequate drinking water, shelter
12 from extreme heat or cold, food, and sanitation for a significant period of time are
13 sufficiently serious to satisfy the objective component of an Eighth Amendment claim. See,
14 e.g., Johnson, 217 F.3d 726, 732–33 (9th Cir. 2000) (finding that prisoners asserted a
15 sufficiently serious deprivation by alleging that prison officials held them outside without
16 access to adequate shelter, water, food, or sanitation for four days when the temperatures
17 ranged from 70 to 94 degrees and for 17 hours in sub-freezing temperatures); Anderson v.
18 Cnty. of Kern, 45 F.3d 1310, 1314 (9th Cir. 1995) (noting that a "lack of sanitation that is
19 severe or prolonged can constitute an infliction of pain within the meaning of the Eighth
20 Amendment"). However, temporary deprivations of sanitation, water, and shelter that last
21 only a short amount of time and do not pose a serious threat of harm to the prisoner do not
22 give rise to deprivations that are sufficiently serious to support an Eighth Amendment claim.
23 e.g., Minifield v. Butikofer, 298 F. Supp. 2d 900, 904 (N.D. Cal. 2004) (finding that a five
24 hour deprivation of water did not rise to the level of an Eighth Amendment violation);
25 Kanvick v. Nevada, 2010 WL 2162324, at *5–6 (D. Nev. Apr.27, 2010) (noting "that a
26 temporary deprivation of access to toilets, in the absence of physical harm or a serious risk
27 of contamination, does not rise to the level of an Eighth Amendment violation" and holding
28 that deprivation of access to restrooms lasting up to two hours was not sufficient to support

an Eighth Amendment claim); Hernandez v. Battaglia, 673 F. Supp. 2d 673, 676–78 (N.D. Ill. 2009) (finding that deprivations were not sufficiently serious where prisoners were detained in a prison yard while handcuffed without access to water, food, or toilets in 80 to 85 degree temperatures for up to five hours during a search of living quarters); Curiel v. Stigler, 2008 WL 904894, at *4–6 (N.D. Ill. Mar.31, 2008) (same).

Here, Plaintiff alleges that he was forced to stand for over eight hours with no water, bathroom or medication. These allegations, standing alone, are not sufficient to state an Eighth Amendment claim. Plaintiff has failed to allege facts demonstrating the circumstances of his eight-hour confinement in the stand-up cage, such as why he was placed there and why he was forced to undress in front of a female civilian. Although he alleges that he suffered chest pains due to a lack of medication, he does not allege facts demonstrating that he would have taken his medication during that time period or that the chest pains were sufficiently serious. While Plaintiff alleges he was not given access to water or a bathroom and could not sit down for eight hours, he has failed to allege facts establishing that these temporary deprivations posed a threat of serious physical harm or illness. Moreover, he has failed to allege facts demonstrating that prison officials knew his eight-hour confinement in the stand-up cage posed a substantial threat to his health and disregarded that threat.

Accordingly, Plaintiff has failed to allege sufficient facts to state an Eighth Amendment claim.

### III. PLAINTIFF FAILS TO STATE A CLAIM FOR VIOLATION OF DUE PROCESS

With respect to placement in administrative segregation, due process requires only that prison officials hold an informal non-adversary hearing within a reasonable time after the prisoner is segregated, inform the prisoner of the charges against him or the reasons for considering segregation, and allow the prisoner to present his views. Toussaint v. McCarthy, 801 F.2d 1080, 1100-01 (9th Cir. 1986) (quotation marks omitted), abrogated in part on other grounds, Sandin v. Conner, 515 U.S. 472 (1995); accord Bruce v. Ylst, 351 F.3d 1283, 1287 (9th Cir. 2003). Prisoners are not entitled to detailed written notice of

1 charges, representation by counsel or counsel substitute, an opportunity to present
2 witnesses, or a written decision describing the reasons for placing the prisoner in
3 administrative segregation. Toussaint, 801 F.2d at 1100-01 (quotation marks omitted).

4     Plaintiff appears to complain that Captain Gilman was supposed to sign a "CDC 114D" administrative segregation placement form, but Plaintiff never saw it. This is simply insufficient to state a due process claim. Plaintiff has alleged no facts regarding when he was placed in administrative segregation, how long he was detained there, whether he was informed in some manner of the charges against him, and whether and when a hearing took place. In fact, it appears that Plaintiff at least was made aware that he was placed in administrative segregation based on his cellmate's allegations of sexual assault.

    In these circumstances, Plaintiff has failed to allege sufficient facts to state a due process claim based on his placement in administrative segregation.

*************

    For the reasons set forth herein, the FAC is **DISMISSED WITH LEAVE TO AMEND**.

    If Plaintiff desires to pursue this action, he is **ORDERED** to file a Second Amended Complaint within **thirty (30) days** of the date of this Order, which remedies the deficiencies discussed above.

    If Plaintiff chooses to file a Second Amended Complaint, it should: (1) bear the docket number assigned in this case; (2) be labeled "Second Amended Complaint"; (3) be filled out exactly in accordance with the directions on the form; and (4) be complete in and of itself without reference to the previous complaints or any other pleading, attachment or document. The Clerk is directed to provide Plaintiff with a blank Central District of California civil rights complaint form, which Plaintiff must fill out completely and resubmit.

///
///
///
///
///

**Plaintiff is admonished that, if he fails to file a Second Amended Complaint by the deadline set herein, the Court may recommend that this action be dismissed for failure to prosecute and failure to comply with a Court order.**

DATED: December 22, 2015          */s/ John E. McDermott*
                                                  JOHN E. MCDERMOTT
                                       UNITED STATES MAGISTRATE JUDGE